UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

STEVEN M. CLARKE, individually, and SSD
CLARKE HOLDINGS, INC., f/k/a SUPPLIER
MANAGEMENT SOLUTIONS, INC.,

      Plaintiffs,

v.

TRIGO U.S. INC. and TRIGO HOLDINGS,
S.A.S.,

      Defendants.

Case No. 1:22-cv-01917 (PKC) (BCM)

TRIGO U.S. INC.,

      Counterclaimant,

v.

STEVEN M. CLARKE, and SSD CLARKE
HOLDINGS, INC..,

      Counterclaim Defendants.

-------------------------------------------------------------x

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROPOSED PROTECTIVE ORDER

      WHEREAS the parties to the above-captioned action (the "Litigation") request

that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to

protect the confidentiality of nonpublic and competitively sensitive information that they may

need to disclose in connection with discovery in this Litigation;

WHEREAS the parties, through counsel, agree to the following terms of confidentiality; and

WHEREAS this Court finds good cause exists for the issuance of an appropriately tailored protective order,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the parties to this Litigation (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order, will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action), counsel for any party may designate any document or information, in whole or in part, as "Confidential" if counsel determines, in good faith, that such document or information consists of:

    a. Previously non-disclosed financial information (including without limitation profitability reports or estimates, profit or revenue forecasts, sales reports, sale margins, and balance sheets);

    b. previously non-disclosed material relating to ownership or control of any non-public company;

    c. previously non-disclosed business plans, product- or service-development information, or marketing plans;

    d. trade secrets or competitively sensitive business information;

    e. any information of a personal or intimate nature regarding any individual; or

    f. any other category of information this Court subsequently affords confidential status.

2. With respect to the Confidential Discovery Material other than deposition transcripts and exhibits, the producing party or its counsel may designate such portion as "Confidential" by:

    a. stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and

2

    b.  producing for future public use another copy of said Discovery Material with the confidential information redacted.

3. A producing party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by:

    a.  indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or

    b.  notifying the reporter and all counsel of record, in writing, within 15 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential", in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 15-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

4. The Confidential Discovery Material disclosed will be held and used by the person receiving such Confidential Discovery Material solely for use in connection with this Litigation. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

5. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Discovery Material disclosed in this Litigation is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Discovery Material.

6. Documents designated as "Confidential" shall not be disclosed to any person, except:

    a.  the Parties to this Litigation, their insurers, and counsel to their insurers;

    b.  counsel retained specifically for this Litigation, including in-house counsel;

    c.  Employees of such counsel assigned to and necessary to assist in this Litigation;

    d.  outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided such person has first executed the Non-Disclosure Agreement;

f. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the Non-Disclosure Agreement;

g. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

h. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this Litigation, provided such person has first executed the Non-Disclosure Agreement;

i. stenographers or videographers engaged to transcribe depositions the parties conduct in this Litigation;

j. this Court, including any appellate court, its support personnel, and court reporters; and

k. any other person that the producing party may agree in writing may receive such information.

7. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

8. Prior to disclosing or displaying Confidential Discovery Material to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this Litigation and has enjoined the disclosure of the information or documents to any other person;

c. Require each such person to sign the Non-Disclosure Agreement.

Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. If at any time before the trial of this action a producing party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

4

10. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

11. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

12. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this Litigation, a party inadvertently produces or discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed to a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17. The disclosing party retains the burden of proof of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents,

5

ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

19. In accordance with paragraph 4 of this Court's Individual Practices, notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed.  Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority.   Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object.  Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with this paragraph, indicating the portion or portions of the information it seeks to have sealed.  Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this Litigation.  The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

20. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

21. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the producing party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

22. Within 60 days of the final disposition of this action - including all appeals - all recipients of Confidential Discovery Material must destroy such material, including all copies thereof.  By the 60-day deadline, the recipient must certify its destruction by submitting a written certification to the producing party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the parties have specifically retained for this Litigation may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any

such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

23. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

24. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

**FRIEDMAN KAPLAN SEILER**
  **ADELMAN & ROBBINS LLP**

**BAILEY DUQUETTE P.C.**


/s/ John N. Orsini
John N. Orsini
Kaelyn E. Gustafson
7 Times Square
New York, NY 10036
7 Times Square
New York, NY 10036-6516
(212) 833-1100
jorsini@fklaw.com
kgustafson@fklaw.com

/s/ James D. Bailey
James D. Bailey
Eric Wertheim
104 Charlton St., #1-W
New York, New York 10014
Tel. 212.658.1946 Ext. 202
Email: james@baileyduquette.com

*Attorneys for Defendant/Counterclaim
Plaintiff TRIGO U.S., Inc.*

**WILENCHIK & BARTNESS P.C.**
Dennis Wilenchik
The Wilenchik & Bartness Building
2810 N. Third Street
Phoenix, Arizona 85004
(602) 606-2810
dwilenchik@wb-law.com
admin@wb-law.com


*Attorneys for Plaintiffs/Counterclaim Defendants
Steven M. Clarke and SSD Clarke Holdings, Inc.*


Dated:   New York, New York
September 12, 2023

SO ORDERED.

_____
Honorable P. Kevin Castel
United States District Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

STEVEN M. CLARKE, individually, and SSD
CLARKE HOLDINGS, INC., f/k/a SUPPLIER
MANAGEMENT SOLUTIONS, INC.,

     Plaintiffs,

v.

TRIGO U.S. INC. and TRIGO HOLDINGS,
S.A.S.,

     Defendants.

TRIGO U.S. INC.,

     Counterclaimant,

v.

STEVEN M. CLARKE, and SSD CLARKE
HOLDINGS, INC..,

     Counterclaim Defendants.

----------------------------------------------------------------x

Case No. 1:22-cv-01917 (PKC) (BCM)

**NON-DISCLOSURE AGREEMENT**

     I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential (collectively, "Confidential Discovery

Material"). I agree that I will not disclose such Confidential Discovery Material to anyone other

than for purposes of this litigation and that at the conclusion of the litigation I will return all

discovery information to the Party or attorney from whom I received it. By acknowledging these

obligations under the Protective Order, I understand that I am submitting myself to the

9

jurisdiction of the United States District Court for the Southern District of New York for the

purpose of any issue or dispute arising hereunder and that my willful violation of any term of the

Protective Order could subject me to punishment for contempt of Court.


_____

Dated:

10