UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STEVEN M. CLARKE, individually, and SSD
CLARKE HOLDINGS, INC., f/k/a SUPPLIER
MANAGEMENT SOLUTIONS, INC.,

                Plaintiffs,                22-cv-1917 (PKC)

    -against-

                                                    SUPPLEMENTARY
                                                    FINDINGS OF FACT AND
                                                    CONCLUSIONS OF LAW

TRIGO U.S. INC.,

                Defendant.
-----------------------------------------------------------------x
TRIGO U.S. INC.,

                Counterclaimant,

    -against-

STEVEN M. CLARKE and SSD CLARKE
HOLDINGS, INC.,

                Counterclaim Defendants.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.,

        These Findings of Fact and Conclusions of Law supplement those filed by the Court on May 21, 2025. (ECF 120.) They are prompted by the one-page submission of plaintiffs' counsel in opposition to entry of judgment asserting that the Court's original findings "opted not to decide" one of the theories asserted by plaintiffs. (ECF 125.)

        As to Clarke's and SSD's second breach of contract claim, the Court now finds by a preponderance of the evidence that they have failed to prove that TRIGO's instruction to Clarke in June 2021 to pause his business development efforts for 90 days breached section

3.4(e)(vi) of the PSA. In addition to the Court's previous finding that Clarke and SSD failed to prove the element of damages for their second claim by a preponderance of the evidence, this finding that TRIGO's instruction to Clarke did not breach section 3.4(e)(vi) leads to the conclusion that TRIGO is not liable on Clarke's and SSD's second breach of contract claim. These Supplementary Findings of Fact and Conclusions of Law do not alter any of the Court's ultimate conclusions that TRIGO has prevailed on Clarke's and SSD's breach of contract claims and on its counterclaim.

SUPPLEMENTARY FINDINGS OF FACT

<u>TRIGO Instructs Clarke to Temporarily Pause His Business Development Efforts.</u>

1. When TRIGO instructed Clarke to pause his business development efforts for 90 days on June 16, 2021, Clarke was no longer an employee of SMS. (ECF 120 ¶¶ 109, 135, 136.) About six months earlier, Clarke entered into a second amended consulting agreement with SMS, pursuant to which Clarke ceased to be SMS's CEO on January 1, 2021. (Id. ¶ 95.) Instead, he became a consultant to the company and its non-executive Chairman. (Id.) As a consultant, Clarke was to assist SMS with its business development efforts. (Id.)

2. As of June 16, Clarke was no longer running SMS's day-to-day operations. (Id. ¶¶ 109, 136.) That was Nicholas's responsibility as the company's President. (Id.) On the business development side, SMS had hired Spell at the start of 2021 as its Chief Commercial Officer. (Id. ¶ 110.) Spell's hiring was intended to diversify SMS's business development efforts away from Clarke. (Id. ¶¶ 110, 137.)

3. TRIGO's instruction to Clarke only impacted Clarke's own business development activities and not those of SMS. (Id. ¶ 151.) SMS did not stop pursuing business opportunities with either L3Harris or other customers. (Id. ¶¶ 149, 151.) In fact, Spell was never

told to stop his own business development efforts, and so he continued to seek out opportunities for SMS. (Id. ¶ 151.)

4. The Court finds that TRIGO's instruction to temporarily pause business development efforts was made to Clarke alone, who was no longer an employee of SMS but rather a consultant to the company. TRIGO did not instruct SMS as a whole to pause its business development efforts. To the contrary, SMS and Spell continued to pursue business opportunities after TRIGO issued its instruction to Clarke.

SUPPLEMENTARY CONCLUSIONS OF LAW

TRIGO's Instruction to Clarke Did Not Breach Section 3.4(e)(vi) of the PSA.

5. Clarke's and SSD's second breach of contract claim contends that TRIGO's instruction breached section 3.4(e)(vi)'s requirements that TRIGO "operate the business of the Company consistent with past practice since Closing and not adopt strategic, commercial or financial changes to the way the Company is managed which could have, in the aggregate, a materially negative impact on the EBITDA of the Company . . . ." (Id. ¶ 161.)

6. The Court concludes that TRIGO's instruction to Clarke did not alter the operation of SMS's business and did not constitute a strategic, commercial, or financial change to SMS's management. Simply put, TRIGO instructed Clarke, a consultant of SMS and no longer one of its employees, to temporarily pause his individual business development efforts. TRIGO did not instruct SMS as a whole to do the same. Rather, SMS, in part through the efforts of its Chief Commercial Officer Spell, continued to pursue business opportunities at the same time that Clarke's individual pause was in effect.

7. Clarke and SSD have therefore failed to prove by a preponderance of the evidence that TRIGO's instruction breached section 3.4(e)(vi) of the PSA. As the Court previously explained in its Findings of Fact and Conclusions of Law, Clarke and SSD have also

failed to prove the element of damages for their second breach of contract claim because it was entirely speculative that, absent the temporary pause on Clarke's business development efforts, SMS would have obtained the multimillion-dollar L3Harris Contract or any other contracts that it did not ultimately secure. (See, e.g., id. ¶¶ 172-80.) Accordingly, Clarke and SSD have failed to prove their second breach of contract claim.

8. Because TRIGO did not violate section 3.4(e)(vi) or any other provision of its agreement with plaintiffs, there was no breach of contract that would support even nominal damages. In the absence of a breach, Clarke and SSD are not entitled to any damages, nominal or otherwise. See, e.g., Hirsch Electric Co., Inc. v. Community Services, Inc., 145 A.D.2d 603, 605 (2nd Dept. 1988) (nominal damages are only recoverable upon a finding of breach of contract). Thus, plaintiffs are not entitled to recover attorneys' fees under section 9.3 of the PSA based on "any breach" by TRIGO of the PSA. (PX 10.)

9. Furthermore, even if TRIGO's instruction to Clarke had been a breach of section 3.4(e)(vi) of the PSA, which it was not, the Court would still find Clarke's and SSD's defense to TRIGO's counterclaim that such a breach relieved SSD of its repayment obligation under the fifth amendment to the PSA and in turn eliminated Clarke's corresponding obligation under his personal guaranty to be without merit. As the Court previously concluded, Clarke and SSD failed to show beyond mere speculation that TRIGO's instruction caused SMS to miss out on the L3Harris Contract or any other contracts that could have extinguished SSD's repayment obligation by enabling SMS to reach the necessary EBITDA thresholds. (ECF 120 ¶ 188.)

CONCLUSION

These Supplementary Findings of Fact and Conclusions of Law supplement the Court's previous Findings of Fact and Conclusions of Law (ECF 120) regarding Clarke's and SSD's second breach of contract claim. The Court's previous Findings of Fact and Conclusions

of Law are otherwise unchanged, including the Court's ultimate conclusions that TRIGO has prevailed on Clarke's and SSD's breach of contract claims and on its counterclaim. (Id. at 81.) Clarke and SSD shall respond to TRIGO's position that pre-judgment interest against Clarke should run as of July 27, 2022 within fourteen days hereof.

SO ORDERED.

*P. Kevin Castel*
United States District Judge

Dated: New York, New York
June 23, 2025